

FILED
MAY 21 2018 9:36 am
CLERK, U.S. DISTRICT COURT
By _____ Deputy

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| Atosha Williams, | |
|              Plaintiff, | Civil Action No.: 4:18-cv-00052-A |
| v. | |
| Capital One Bank (USA) N.A., | **FIRST AMENDED COMPLAINT** |
|              Defendant. | |

For this First Amended Complaint, Plaintiff, Atosha Williams, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant Capital One Bank (USA) N.A.'s ("Defendant" or "Capital One") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff Atosha Williams ("Plaintiff") is an adult individual residing in Fort Worth, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant is a Virginia business entity with an address of 1680 Capital One Drive, McLean, Virginia 22102-3491, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

5.  In 2016, Capital One began placing calls to Plaintiff's cellular telephone, number 479-xxx-4696, using an automatic telephone dialing system ("ATDS").

6.  When Plaintiff answered the calls from Capital One, she heard a period of silence and had to wait on the line before she was connected to the next available representative.

7.  On or about August 12, 2016, Plaintiff spoke with a live representative and requested that all calls to her cease.

8.  Nonetheless, Capital One continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, ET SEQ.

9.  Plaintiff repeats and realleges each of the preceding paragraphs as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using a predictive dialer, which constitutes an ATDS under the TCPA.

11. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a [representative] will be available to take the call…" 2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

12. As alleged, Plaintiff heard long periods of silence when she answered Defendant's calls or listened to Defendant's voicemail messages, which is one of the earmarks of predictive dialer use and sufficient to plead ATDS use. *See Crawford v. Target Corp.*, No. 3:14-CV-0090-B, 2014 WL 5847490, at *3 (N.D. Tex. Nov. 10, 2014) (denying motion to dismiss where plaintiff alleged that defendant "placed the calls using an . . . ATDS or predictive dialer, which she recognized because, upon answering Defendant's calls, she experienced periods of silence before hearing a live representative on the line."); *Barnes v. Santander Consumer USA, Inc.*, No. 1:14CV01941, 2015 WL 12777362, at *1 (N.D. Ohio June 15, 2015) ("Plaintiff alleges that this period of silence is indicative of an automatic dialer. These allegations provide fair notice of the claims against Defendant, and Plaintiff's TCPA claim is sufficiently pled.").

13. Defendant's predictive dialer additionally has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

14. Moreover, Defendant utilized prerecored messages and/or artificial voices when it placed calls to Plaintiff.

15. Further, Defendant lacked prior express consent to call Plaintiff, and to the extent that Defendant ever had consent to contact Plaintiff, such consent was effectively revoked after Plaintiff explicitly asked Defendant to stop calling her cellular telephone.

16. Thus, for each call that Defendant placed to Plaintiff after Plaintiff asked it to stop calling her, Defendant was aware that it lacked consent to place the call. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone numbers called by Defendant were and are assigned to a cellular telephone for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

18. Plaintiff was annoyed, harassed, and inconvenienced by Defendant's continued calls.

19. None of the calls from Defendant to Plaintiff were placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 17, 2018

                                      Respectfully submitted,

                                      By _____

                                      Jenny DeFrancisco, Esq.
                                      CT Bar # 432383
                                      LEMBERG LAW, L.L.C.
                                      43 Danbury Road, 3rd Floor
                                      Wilton, CT 06897
                                      Telephone: (203) 653-2250
                                      Facsimile:  (203) 653-3424
                                      E-mail: jdefrancisco@lemberglaw.com
                                      Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2018, a true and correct copy of the foregoing First Amended Complaint was filed via ECF with the Clerk of Court for the United States District Court for the Northern District of Texas.

By _____
Jenny DeFrancisco, Esq.